UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　*Plaintiff,*<br><br>v.<br><br>1.243 ACRES OF LAND, MORE OR LESS,<br>SITUATE IN HIDALGO COUNTY,<br>STATE OF TEXAS; AND HAROLD M.<br>SUMMERS, *et al.*,<br>　　　　*Defendants.* | §<br>§<br>§<br>§　CIVIL ACTION NO. 7:23-CV-00255<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## UNITED STATES OF AMERICA'S UNOPPOSED MOTION
## FOR ORDER OF IMMEDIATE POSSESSION

The United States moves for an order requiring all defendants to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States.

### I. INTRODUCTION

1.　The United States requests an Order granting immediate possession of the condemned estate. Acquiring this property is a necessary step in implementing the congressional directive, set forth in the Complaint and Declaration of Taking, to secure the border between the United States and Mexico.

2.　Congress provided funding for primary pedestrian levee fencing along the southwest border in the Rio Grande Valley Sector. Per the appropriation, the United States plans to construct infrastructure that Congress specifically designated to be constructed in Hidalgo County, Texas, and the tracts identified in this case are part of the designation. Time is of the essence. Accordingly, the United States respectfully requests this Court to enter an Order of Immediate Possession on an expedited basis.

## II. BACKGROUND FACTS

3. Pursuant to the Declaration of Taking Act, 40 U.S.C. §§ 3113 and 3114, and Federal Rule of Civil Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint, Declaration of Taking, and a deposit of estimated just compensation to acquire a fee interest in the subject property. The United States will use this property for work needed to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas. *See* Declaration of Taking, Schedules "B" and "D".[1] The Act of Congress approved December 27, 2020, as Public Law 116-260, div. F, tit. II, 134 Stat. 1452, appropriated the funds that shall be used for the taking. *See* Declaration of Taking, Schedule "A"[2], *see* Consolidated Appropriations Act, 2021, Pub. L. 116-260, div. F, tit. II, 134 Stat. 1452 (2021) (appropriating funds). The United States deposited ONE THOUSAND THREE HUNDRED TEN DOLLARS AND NO/100 ($1,310.00), as estimated just compensation.[3]

## III. ARGUMENT AND AUTHORITIES

    A.    *Because it Acquired this Property Under the Declaration of Taking Act, the United States is Entitled to Immediate Possession.*

4. The United States initiated this case by filing a Complaint and a Declaration of Taking and depositing estimated just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). The filing and deposit immediately vested title in the acquired property in the United States. *See* 40 U.S.C. §3114(b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be

---

[1] Dkt. No. 2.
[2] *Id.*
[3] Dkt. No. 8.

required to surrender possession to the petitioner . . . " 40 U.S.C. § 3114(d)(1). The purpose of the Declaration of Taking Act is to give the United States immediate possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . . .
> Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal).

5. The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*. 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding. *Id.* at 3-5. In a "straight condemnation", the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation. *Id.* at 4. In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . ." *Id*. The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." *Id.* at 5. Further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily

appropriating land prior to final judgment, thereby permitting immediate occupancy . . . " *Id.* at 12. Finally, as stated in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects…" 960 F.2d 1048, 1050 (Fed. Cir. 1992).

6. Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

B. *The United States Needs Immediate Possession in Order to Perform Work Related to Barrier Construction in the Rio Grande Valley Sector.*

7. Congress has directed the Department of Homeland Security ("DHS") to construct fencing and related infrastructure along the southwest border, and specifically in the Rio Grande Valley Sector. *See* Consolidated Appropriations Act, 2021, Pub. L. 116-260, div. F, tit. II, 134 Stat. 1452. On July 31, 2019, CBP awarded a contract for border barrier access gate construction work near the subject property. The work was conducted as a part of a project known as RGV-Gates. Construction in this project area started in September 2020. On January 20, 2021, President Biden issued Proclamation 10142, *Termination of Emergency with Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction* (the "Proclamation"). The Proclamation ordered the Secretary of Defense and the Secretary of Homeland Security to "pause work on each construction project on the southern border wall, to the extent permitted by law, as soon as possible but in no case later than seven days from the date of [the] proclamation. The Secretaries were authorized to make exceptions to the pause "for urgent measures needed to avert immediate physical dangers or where an exception is required to ensure that funds appropriated by the Congress fulfill their intended purpose." The work to be done on this property is part of an exception to the Proclamation approved by the Secretary of Homeland

Security and is needed to make the gate fully functional as the barrier access gate in question is nearing completion of construction. CBP must run electrical power lines across the subject property. Without this electrical power, the gate will either stay in a closed or open position, which is not in the interests of the United States or adjacent landowners who may require access through this gate. *See* **Gov't Exhibit 1**, Declaration of Paul Enriquez.

8. The United States needs immediate possession of the subject property in order to conduct levee remediation associated with the RGV-Gates project. The Secretary has identified specific locations in Hidalgo County, Texas, for the construction of tactical infrastructure in order to improve security along the border of the United States, and subsequently identified locations in which border barrier access gate construction was necessary. The United States needs to acquire the subject property in order to perform work associated with the construction, installation, and maintenance of border security infrastructure in Hidalgo County, Texas. *See* **Gov't Exhibit 1**, Declaration of Paul Enriquez; *see also* Consol. Appropriations Act, 2021, Pub. L. 116-260, div. F, tit. II, 134 Stat. 1452 (appropriating funds for the current taking).

9. As a result, acquiring immediate possession of the Subject Property for the United States is a necessary step toward conducting work associated with gate construction associated with RGV-Gates project in the RGV sector. Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

### IV. CERTIFICATE OF CONFERENCE

10. On September 20, 2023, Plaintiff conferred with via telephonic and email correspondence with Landowner Defendants, Judith Rodriguez and Harold M. Summers, and with Counsel for taxing authorities, Pablo "Paul" Villarreal, Hidalgo County Tax Assessor & Collector; La Joya Independent School District; Hidalgo County, Texas; South Texas College; South Texas

Independent School District; and Hidalgo County Drainage District No. 1, who indicated that they are unopposed to the United States' motion.

## V. CONCLUSION

Based on the foregoing, the United States submits that it is entitled to the entry of an order of immediate possession and requests that the Court grant this motion and enter an order of possession giving the United States immediate possession of the condemned estate described in Schedule E of the Declaration of Taking.[4]

                                                  Respectfully submitted,

                                                  **ALAMDAR S. HAMDANI**
                                                  United States Attorney
                                                  Southern District of Texas

By:   *s/Baltazar Salazar*
       **Baltazar Salazar**
       Assistant United States Attorney
       Attorney-in-Charge for Plaintiff
       S.D. Tex. ID No. 3135288
       Texas Bar No. 24106385
       **UNITED STATES ATTORNEY'S OFFICE**
       **SOUTHERN DISTRICT OF TEXAS**
       600 E. Harrison Street, Suite 201
       Brownsville, Texas 78520
       Tel: (956) 983-6057
       Fax: (956) 548-2775
       E-mail: Baltazar.Salazar@usdoj.gov

---

[4] Dkt. No. 2.

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on September 27-28, 2023, a copy of the foregoing was served on all parties via CM/ECF email notification and regular mail.

By: *s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney